UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VIKING YACHT COMPANY and ) | |
| POST MARINE CO., INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:07-mc-001 |
| ) | (Jordan/Guyton) |
| COMPOSITES ONE LLC and ) | |
| COOK COMPOSITES AND POLYMERS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 10] of the Honorable Leon Jordan, United States District Judge, for disposition of the plaintiffs' Motion to Compel Compliance with Subpoenas Duces Tecum Served on Non-Parties [Doc. 1]; MasterCraft's Motion to Quash or for Protective Order [Doc. 7]; and the Motion of Skier's Choice, Inc. to Quash Subpoena or, in the Alternative, for a Protective Order [Doc. 8]. The Court held a hearing on these motions on March 16, 2007.

The underlying civil action is pending in the United States District Court for the District of New Jersey. In that action, the plaintiffs Viking Yacht Company and Post Marine Company, Inc. asserts claims against the defendants Composites One LLC and Cook Composites and Polymers ("CCP") for, among other things, breach of contract, express warranty, implied warranty, and fraud in connection with a product sold to the plaintiffs for their use in the boat manufacturing process. Specifically, the plaintiffs claim that a 953 series gel coat manufactured by

CCP is defective and causes massive cracking of the boats' outer "skins." CCP asserts that gel coat cracking is common and that the 953 series gel coat performs acceptably on an industry-wide basis.

In connection with that litigation, the plaintiffs served several non-parties, including Skier's Choice, Inc. ("Skier's Choice") and MasterCraft Boat Company ("MasterCraft"), with subpoenas duces tecum, requesting documents regarding these non-parties' use and experience with 953 series gel coats as well as other gel coats. Specifically, the subpoenas seek the following documents from Skier's Choice and MasterCraft:

(1) Communications or correspondence with the defendants regarding "any problems concerning any gel coat manufactured by CCP and purchased by you from 1995 through 2003";

(2) Records "indicating the types and quantities of gel coat purchased by you from CCP from 1995 through 2003";

(3) Documents "indicating any purchases by you from CCP of Series 953 gel coat at any time";

(4) Records "with respect to any problems, investigations, complaints, communications, or correspondence with respect to any cracking problems in boats built by you and using 953 series gel coat"; and

(5) Records "with respect to any problems, investigations, complaints, communications, or correspondence with respect to any cracking problems in boats built by you and using any gel coat purchased by you from CCP, excluding series 953 gel coat."

Additionally, the subpoena served on Skier's Choice requests copies of "agreements, settlements, accommodations, accords or compromises reached between you and [CCP] relating to any issues of gel coat cracking." [Doc. 1 Ex. A].

2

Skier's Choice and MasterCraft failed to produce the requested records, and the plaintiffs now move to compel these non-parties to comply with the respective subpoenas duces tecum. [Doc. 1]. For grounds, the plaintiffs argue that the requests are relevant to the pending lawsuit, specifically to the issue of whether the 953 series gel coat failure was "ordinary" or whether it was "unique" and to the issue of whether the 953 series gel coat was in fact an improvement over the previously used 952 series gel coat, as CCP warranted. The plaintiffs contend that the time frame (1995 to 2003) is relevant because the 953 series gel coat was brought to market in 1997 as a replacement for the 952 series gel coat, and thus, the plaintiffs will be able to compare the performance of other CCP gel coats used from 1995 to 1997 to the 953 series gel coat. The plaintiffs further argue Skier's Choice has waived any objection to the subpoena by failing to serve written objections within the appropriate time period and that MasterCraft's written objections are insufficient.

Both Skier's Choice and MasterCraft oppose the plaintiffs' motion and move to quash the subpoenas served on them. [Docs. 7, 8]. Specifically, they argue that the requests are overly broad, vague, and seek information without limitation on scope or content. Further, they argue that the requests are unduly burdensome and cumulative, as they seek information already obtained from CCP. Finally, the non-parties argue that the requests seek trade secrets and commercially sensitive information. Alternatively, the non-parties seek a protective order modifying or limiting the scope of the requests in the subpoenas.

In a supplemental brief [Doc. 16], the non-parties argue that the plaintiffs have asserted in the New Jersey litigation that "each variation of gel coat is unique" and that the gel coats at issue in this litigation are only certain variations of the 953 series gel coat – 953WJ208,

3

963WJ227, 953WJ458, and 953WA411. The non-parties argue that they never used these "unique" variations of the 953 series gel coat at issue, and therefore, the plaintiffs' requests are overly broad and seek irrelevant information.

The Court will first address the plaintiffs' argument that MasterCraft's written objections to the subpoena were inadequate. Upon receiving the subpoena, MasterCraft's counsel sent a letter [Doc. 1 Ex. B] to the plaintiffs' counsel setting forth MasterCraft's objections to the subpoena. The Court finds that MasterCraft's written objections to the subpoena raise valid grounds under Rule 45 for its non-compliance, including objections that the subpoena created an undue burden, requested production of documents containing trade secrets and other proprietary information, and required MasterCraft to travel more than 100 miles in order to produce the requested documents. See Fed. R. Civ. P. 45(3)(A). Accordingly, the Court finds that MasterCraft's written objections to the subpoena were adequate.

The plaintiffs argue that Skier's Choice waived any objection to the subpoena because it failed to serve any written objections. The failure to serve written objections within the time required by Rule 45(c)(2)(B) generally operates to waive any such objections. Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996). However, courts have held that the failure to serve timely objections will not preclude consideration of those objections where (1) the subpoena is "overbroad on its face and exceeds the bounds of fair discovery"; (2) the non-party has acted in good faith; and (3) counsel have been in contact concerning the non-party's compliance. See id. The Court finds all of these factors to exist in the present case. Specifically, the Court finds that the subpoena served on Skier's Choice, which is located in Maryville, Tennessee, requires the production of documents at the offices of the plaintiffs' counsel in Miami, Florida within eleven

4

days after the subpoena was issued. Further, as discussed in greater detail below, the document requests set forth in the subpoena are extremely overbroad. As such, the Court finds that Skier's Choice failure to serve timely written objections to the subpoena does not preclude the Court from considering Skier's Choice's objections at this time.

The Court finds that the plaintiffs have made an adequate showing that information regarding the use by these non-parties of the 952 and 953 series gel coats manufactured by CCP from 1995 to 2003 may be relevant to this litigation. However, the plaintiffs' document requests are unlimited in scope and seek information regarding any and all gel coats used at any time by the non-parties. Accordingly, the Court finds that these requests are overbroad and, consequently, are unduly burdensome. As such, the plaintiffs' requests shall be limited as follows:

> Request No. 1: Skier's Choice and MasterCraft shall be required to produce any and all records with respect to any communications or correspondence, including e-mails, between them and CCP with respect to any cracking problems in boats built by them using the 952 series gel coat or the 953 series gel coat manufactured by CCP and purchased between 1995 and 2003;
>
> Request Nos. 2 and 3: The Court finds that these requests are unduly broad. Accordingly, the Court will not require Skier's Choice and MasterCraft to comply with these requests.
>
> Request No. 4: The Court finds that this request is overbroad in that it does not specify a time frame for the documents requested. Accordingly, the Court will not require Skier's Choice and MasterCraft to comply with this request as worded. In any event, in light of the re-wording of Request No. 1, the Court finds this request to be redundant.
>
> Request No. 5: The Court finds that this request is overbroad in that it requests documents regarding any cracking problems arising from any gel coat purchased from CCP at any time. Accordingly, the Court will not require Skier's Choice and MasterCraft to comply with this request.

> Request No. 6 (with respect to Skier's Choice only): The Court finds that this request is overbroad in that it does not specify a time frame and is not limited to the gel coats at issue in this litigation. Accordingly, this request shall be limited to the period of 1995 to 2003 and to agreements, settlements, accommodations, accords or compromises between Skier's Choice and CCP relating to any issues of cracking of the 952 series gel coat or the 953 series gel coat.

In order to protect any confidential or proprietary commercial information that is produced pursuant to these requests, the parties shall enter into a mutually agreeable protective order. Further, in order to alleviate the burden on these non-parties in complying with these subpoenas, the plaintiffs shall compensate the non-parties for the reasonable cost incurred in retrieving, reviewing, and producing the requested documents.

For the foregoing reasons and to the extent stated herein, the plaintiffs' Motion to Compel Compliance with Subpoenas Duces Tecum Served on Non-Parties [Doc. 1], MasterCraft's Motion to Quash or for Protective Order [Doc. 7], and the Motion of Skier's Choice, Inc. to Quash Subpoena or, in the Alternative, for a Protective Order [Doc. 8] are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge